**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CHARLES WILLIAM CUNNINGHAM,       )<br>   Plaintiff,                            )<br>                                              )<br>v.                                          )<br>                                              )<br>GLORIA McCLAIN, *et al.*,        )<br>   Defendants.                         ) | CIVIL ACTION NO. 15-00494-KD-N |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Charles William Cunningham has informed the Court via telephone that he has been released from prison and is living in the free world. However, as was explained in the Court's previous order (Doc. 61), despite his subsequent release from confinement, Cunningham, who was granted leave to proceed without prepayment of fees in this action, or *in forma pauperis* ("IFP), under 28 U.S.C. § 1915 (*see* Doc. 13), is still subject to the filing-fee provision of the Prison Litigation Reform Act ("PLRA") of 1995 because he commenced this action while he was a prisoner. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (citing *Robbins v. Switzer*, 104 F.3d 895, 897–98 (7th Cir.1997). *See also Harris v. Garner*, 216 F.3d 970, 972-76 (11th Cir. 2000) (en banc) (favorably citing *Gay* in analyzing a different portion of the PLRA). The record reflects that the Court received Cunningham's initial partial filing fee on November 12, 2015, while he was still confined. (Doc. 17). As such, by order dated June 8, 2017, and entered the following day, Cunningham was ordered "to pay the remainder of the filing fee, $348.37, by Monday, July 10, 2017, as the Court no longer has the means to collect it." (Doc. 61 (emphasis omitted)). Cunningham was further informed that, if he was "unable to pay

the amount owed in one, lump-sum payment at that time, he may file a new IFP motion" by the same date. (*Id.*). Cunningham was cautioned that "[t]he failure to comply with this Order within the prescribed time, or to notify the Court of a change in address, will result in a recommendation of dismissal of this action for failure to prosecute and to obey the Court's Order and/or under [28 U.S.C. ]§ 1915(b)." (*Id.*). The copy of the June 8 order mailed to Cunningham was not returned to the Court as undeliverable, and to date Cunningham has failed to pay the remainder of the filing fee or file a new IFP motion.

As was also explained in the June 8 order, even if Cunningham was again granted IFP status, he would still be required to pay any "additional amounts calculated pursuant to § 1915(b)(2)"[1] he would have owed prior to his release.[2] *Brown v. Eppler*, 725 F.3d 1221, 1230 (10th Cir. 2013). As the Tenth Circuit has explained:

---

[1] "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).

[2] *Cf. Robbins*, 104 F.3d at 898 ("Robbins was a prisoner and readily could have complied with § 1915(b)(1) when he filed his notices of appeal. He did not. After we issued orders requiring him to provide copies of the prison trust accounts and make partial payments, he responded that he had been released and is penniless. He did not, however, provide the copies of the prison trust account statements we directed him to supply, or an affidavit showing his current resources and income. For all this record reveals, the accounts contained ample funds at the time he filed the appeals, but were paid over to him on his release and spent on other things … Although he is now out of prison, the data pertinent to his prison accounts did not vanish (the prison likely gave him a closing statement when he left); the information still can be supplied. So, for example, if according to the trust account statements Robbins could (and therefore should) have paid $50 at the time he filed his appeals, and the trust accounts received no income before his release, then he must pay $50 now and may apply for *forma pauperis* status on the balance. How much Robbins actually must prepay depends on the application of the formula in § 1915(b) to the balances and income of his trust account through the day of his release."); *Brown*, 725 F.3d at 1231 ("[S]hortly after filing his notice of appeal, Brown moved to make payments of the appellate filing fee in monthly, twenty-dollar

28 U.S.C. § 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." This obligation, however, applies to both prisoner and non-prisoner *ifp* litigants. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds *in forma pauperis*; all § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able."). Unlike non-prisoner *ifp* litigants, prisoners, while incarcerated, are required to make payments according to the scheme set forth in § 1915(b). Thus, [the Plaintiff] should have paid an initial partial … filing fee calculated according to the formula set forth in 28 U.S.C. § 1915(b)(1). While he was incarcerated, he should have also paid additional amounts calculated pursuant to § 1915(b)(2) on the basis of his monthly income from the time he [brought] his [civil action] to the time of his release from incarceration.

*Id.*

"If th[is civil action is] to continue, [Cunningham] must[,]" at the very least, "pay the amounts that according to the trust account statements he could have paid at the time he [brought the action] (and before his release). A dismissal for failure to pay that sum would not offend § 1915(b)(4); it would simply enforce the obligation created by § 1915(b)(1). The [PLRA]'s effectiveness would be eroded if, during their final year of custody, prisoners could file suits and appeals without considering the financial consequences, planning to ignore the statute while in custody, divert trust account funds to other purposes, and plead poverty once released. Under the Act, release does not eliminate an obligation that could and should have been met from the trust account while imprisonment continued." *Robbins*, 104 F.3d at 899. *See also Greene v. Oliver*,

---

installments and provided the required trust account information to the district court. Brown also provided the relevant trust account information to this court in conjunction with his motion to proceed *ifp*. In light of the unusual circumstances of this matter, on remand the district court should exercise its discretion to determine the amount of the outstanding fee obligation, i.e., the amount which should have been assessed under § 1915(b) prior to Brown's release from prison, and terms pursuant to which Brown may pay it.").

Civil Action No. 15-00654-CG-N, 2017 WL 874573, at *4 (S.D. Ala. Feb. 8, 2017), *report and recommendation adopted*, 2017 WL 855886 (S.D. Ala. Mar. 3, 2017) (dismissing case for failure to provide information as to amounts owed prior to prisoner plaintiff's release).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* for Cunningham's failure to make the required payments under 28 U.S.C. § 1915(b) or, alternatively, for failure to prosecute and obey the Court's orders under both Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.[3]

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule

---

[3] There are two possible sources of authority for a district court to dismiss an action for a plaintiff's failure to prosecute or to obey the Court's orders: Federal Rule of Civil Procedure 41(b), or the Court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir.2005). "Rule 41(b) provides: 'For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.' " *Id.* "The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs....' " *Id.* (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)). As a consequence of Cunningham's failure to comply with the Court's order or to otherwise take any action to prosecute this case since his release, and upon consideration of the alternatives that are available to the Court, the undersigned finds that no lesser sanction than dismissal without prejudice will suffice.

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of July 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**