IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAM CUNNINGHAM, Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 15-00494-KD-N |
| GLORIA McCLAIN, *et al.*, Defendants. | ) ) ) | |

## REPORT AND RECOMMENDATION

Plaintiff Charles William Cunningham, a former Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the court following the undersigned's notification of intent to recommend summary judgment for the remaining, unserved, defendant pursuant to Fed. R. Civ. P. 56(f)(3). After a thorough review of the record and having no objections filed to the court's Notice to Recommend Summary Judgment in favor of Defendant Gloria McClain (*see* Doc. 63 at 30 – 34), the undersigned now recommends to the presiding District Judge that summary judgment be granted, *sua sponte*, in favor of Defendant Gloria McClain.

In his operative complaint (Doc. 21), Plaintiff asserts causes of action against Dr. George Kouns, Dr. Hugh Hood, Dr. Karen Stone, Nurse Nykeiliya Jackson, Nurse Cindy Johnson, Nurse Ashley Wall, and Gloria McClain, alleging that they denied or delayed him medical treatment for his polycystic kidney disease, Benign Prostatic Hyperplasia, and related urinary problems. (Doc. 21). With the exception

of Gloria McClain, Defendants were served with the suit and answered the same. (Docs. 37 – 41, 43 – 44, 46 – 48).  The court converted the defendants' answers and special reports into a motion for summary judgment (Doc. 51), and on July 20, 2017, the undersigned entered a Report and Recommendation, recommending that summary judgment be granted in favor of the served defendants.  (Doc. 63).

The report also notified Plaintiff, pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure*, of the Court's intent to recommend summary judgment in favor of the unserved defendant, Gloria McClain, on all claims raised.  The court explained in its report that Plaintiff Cunningham presented no additional allegations or differing facts as to his claims against Defendant McClain as those against Defendants Kouns and Hood, who were granted summary judgment.  Thus, the court maintained its analysis of the allegations against Defendant Gloria McClain would be identical to that of Defendants Kouns and Hood, to whom summary judgment was granted.  Plaintiff Cunningham was notified of the court's intention to recommend summary judgment in favor of Defendant Gloria McClain, and the reasoning for so doing.  Plaintiff was instructed that he had fourteen days to object to the report and recommendation or the undersigned would recommend to the District Judge that summary judgment be granted in favor of Defendant Gloria McClain, and a final judgment be entered in this case without trial.

The District Judge adopted the report and recommendation on August 21, 2017 (Doc. 64), and to date, Plaintiff Cunningham has made no objections to the

report and recommendation, including the notification to enter summary judgment in favor of Defendant Gloria McClain.

Therefore, with no objections having been made to the July 20, 2017 Report and Recommendation (Doc. 63), the undersigned hereby incorporates by reference and adopts the analysis of that Report and Recommendation (Doc. 63) and recommends that, pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure*, summary judgment be entered in favor of Defendant Gloria McClain and that Plaintiff Cunningham's complaint be dismissed with prejudice in its entirety.

### **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 6th day of September 2017.

>/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**